```
        FILED      ENTERED
        LODGED     RECEIVED

        APR 25 2003  ZG

             AT SEATTLE
        CLERK U.S. DISTRICT COURT
     BY WESTERN DISTRICT OF WASHINGTON
                                    DEP'
```

CV 03-972 #1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| IDX SYSTEMS CORPORATION, | |
|---|---|
| Plaintiff, | Case No **C03- 972R** |
| v. | COMPLAINT |
| MAURICIO LEON, | |
| Defendant. | |

Plaintiff IDX Systems Corporation, by and through its attorneys, asserts its complaint against defendant Mauricio Leon as follows:

1    This is an action seeking declaratory judgment that plaintiff's action to terminate the employment of defendant will not constitute a violation of the federal and state statutes specified in this complaint

**IDENTITY OF PARTIES**

2    Plaintiff IDX Systems Corporation ("IDX") is a corporation organized under the laws of the State of Vermont with its principal place of business in Burlington, Vermont  IDX is qualified to do business in the State of Washington and has paid all licenses and fees due and owing by it to the State of Washington

COMPLAINT - 1

3       Defendant Dr. Mauricio Leon is an employee of IDX who was hired in 2001 to work at the IDX Seattle office  Upon information and belief, Dr. Leon, without prior notice to IDX, moved his residence to San Diego, California, in January, 2003

## STATEMENT OF VENUE AND JURISDICTION

4.      Under 28 U S C. § 2201 this Court can declare the rights and legal relations of the parties because

    a       Jurisdiction exists under 28 U.S.C. § 1332 because there is diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs

    b.      Jurisdiction exists under 28 U S C § 1331, because this Court is asked to determine issues of law arising under the laws of the United States

5       This court has supplemental jurisdiction to declare the rights and legal relations of the parties under the state laws specified herein under 28 U.S.C § 1367

6       Venue in this judicial district is proper under 28 U S C § 1391.

## FACTUAL STATEMENT

## DR. LEON'S EMPLOYMENT

7       On May 1, 2001, Dr Leon and IDX entered into an employment agreement  That agreement specified that Dr. Leon would work at the Company's Seattle offices and/or at customer locations serviced by such office, and further provided that the employment was "at will·"

> 1 1    **Employment at Will**  The Company hereby offers the Employee, and Employee hereby accepts, employment or continued employment upon the terms and conditions hereinafter set forth. Employment by the Company is terminable at any time, for any reason, at the will of either the Employee or the Company  No statement of policy or procedure, whether written or oral, or set forth in any manual or guide, shall be a promise by the Company to continue employment for any definite term, nor shall any such statement, policy or procedure require the Company to follow any special procedure, such as progressive discipline, before terminating employment.

Dr Leon's job title was Senior Director, Medical Information  His compensation was established at $160,000 per year exclusive of bonus payments

COMPLAINT - 2

8   Dr. Leon's job duties at IDX included research for product development, sales support, and research, and writing and presentation to customers, trade groups and academic journals  As part of his research into product development, Dr Leon became involved with what was known as the SAGE project.

9   During 2001, IDX worked with partner organizations such as Stanford University and the Mayo Clinic to apply to the National Institute of Standards and Technology ("NIST") for an Advanced Technology Program ("ATP") award of funds to develop software tools and technologies in the area of medical informatics  After his employment commenced, Dr Leon joined the team working to develop the NIST proposal.

10.   In October, 2001, NIST-ATP announced the grant of an award to IDX to develop Standards-Based Interoperable Guideline Systems  At IDX, the project was titled Standards-Based Shareable Guideline Environment, or SAGE

11.   From the inception of the SAGE project up to approximately September 4, 2002, Dr. Leon worked on the SAGE project, in addition he performed some limited work on other tasks under his job description

### DR. LEON'S QUI TAM CLAIMS

12   Shortly after receiving his 2001 performance review from IDX on July 12, 2002, which included several negative comments about his performance as an employee, Dr. Leon for the first time in his criticism of the management of the SAGE project by IDX included a comment that certain cost-sharing reporting "..  may be illegal " The Company immediately took steps to review the SAGE project to determine if any inaccuracies existed which needed correction. No illegal or improper cost-sharing reporting was found

13.   During August, 2002, Dr. Leon told several co-workers that he was planning on leaving IDX and moving to San Diego, California, and was interested in some arrangement to allow him to work remotely or to continue to be associated with the SAGE project

COMPLAINT - 3

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

14    In late August or early September, 2002, Dr Leon met with Mr. Larry Krassner, President of ISD (a division of IDX), to discuss his dissatisfaction with IDX and the SAGE project  At that meeting, it was agreed that Dr. Leon would resign from IDX at the end of September, 2002, move to San Diego, and serve as a consultant for an initial period of three months, with any extension to be subject to the parties' mutual agreement. In a meeting on September 6, 2002, Dr Leon attempted to repudiate that agreement.

15    On September 9, 2002, IDX received a letter from Mr. Ricardo Guarnero, Dr. Leon's attorney  That letter advised IDX that Dr Leon had "concerns" that IDX was using him as a "scapegoat" for the problems with the SAGE project that Dr Leon had alleged  That letter further stated that the "problems" Dr. Leon had alleged had " yet to come to the attention of the granting agencies or Federal enforcement authorities", the letter proposed that Dr. Leon's employment be terminated under an exorbitant set of terms, including *inter alia* payment of three years' salary (with a full bonus), tolling of the non-compete clause of his contract, payment of relocation costs, and provision of a hold harmless and defense agreement in favor of Dr. Leon. The letter also proposed that if Dr Leon's demands were met he would not disclose the alleged problems with SAGE

16.   IDX rejected that proposal and immediately placed Dr. Leon on administrative leave, with full pay and benefits, pending a determination of his employment status

17    Dr Leon was on administrative leave for approximately thirty days during which period his attorney threatened IDX that "any adverse actions taken against Dr. Leon will be viewed as retaliatory for his whistle-blowing and protected activities."

18.   On October 15, 2002, shortly after his return from administrative leave, Dr Leon took a family medical leave which he claimed was necessitated by the "stress of working in a hostile environment " (This issue is described more fully below.)

COMPLAINT - 4

Since that date, Dr. Leon performed almost no meaningful work for the Company, although requested to do so on numerous occasions by IDX managers to whom he reported

19. At some point in late 2002, Dr. Leon and his attorney filed a *qui tam* action in the Federal District Court for the Western District of Washington naming IDX as the defendant. That action was filed under seal and IDX has no knowledge of the allegations therein. IDX reasonably believes that the allegations are similar to those made by Dr. Leon and his attorney in their various proposals for payment of money to Dr Leon and threats of exposure and litigation  IDX denies that any such allegations have any foundation in fact

20. Since October 15, 2002, Dr Leon and his attorney have responded to virtually every communication from IDX with a claim that the communication and the Company actions to which the communication related were retaliatory and harassing and would subject the Company to a lawsuit under the Federal False Claims Act and the Sarbanes-Oxley Act of 2002  In addition, Dr. Leon's counsel has alleged that IDX actions with respect to Dr. Leon may constitute "witness tampering" for which criminal sanctions could be invoked. On March 27, 2003, Dr Leon's attorney specifically stated in writing that any "adverse actions" taken against Dr. Leon would be viewed as retaliatory and would result in judicial action.

21. In early February IDX learned that Dr. Leon had sold his home on Bainbridge Island and relocated to San Diego, California  He did this without prior notice to or consultation with anyone at IDX. Both prior and subsequent to his relocation, Dr Leon has refused to comply with his superiors' lawful directives and has refused to respond to communications from IDX

22  IDX has never engaged in any conduct or violation of the Federal False Claims Act nor has IDX engaged in any action to harass or retaliate against Dr Leon for making his baseless allegations. Rather, IDX has attempted to work affirmatively

COMPLAINT - 5

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle Washington 98104-7098
Telephone (206) 447-0900

with Dr. Leon to address his employment issues, including his claims of disability, discussed below

## DR. LEON'S MEDICAL DISABILITY CLAIMS

23  On October 15, 2002, Dr. Leon delivered to his supervisor, Ms. Michele Blue, a prescription from his doctor specifying a month-long leave of absence. On October 17, 2002, that doctor certified that Dr. Leon suffered from a post-traumatic stress disorder dating from mid-2002, that the duration of his disability was unknown and that he was unable to perform the essential functions of his job. Dr Leon himself attributed his stress to his claim that IDX had refused to run the SAGE program ".. as promised to me and to the granting agency."

24  On November 1, 2002, Dr Leon's physician wrote a prescription which stated that Dr. Leon needed to perform his work at an off-site location, and that subject to that condition he could return to work on November 12, 2002.

25.  Following Dr. Leon's return to work after November 12, 2002, subject to the condition of working off-site as specified by his physician, IDX attempted to work with Dr Leon and his doctors to determine whether he was disabled for purposes of the Americans with Disabilities Act and its Washington counterpart statute, the Washington Law Against Discrimination

26  Dr. Leon initially denied he was disabled, and claimed that the Company's alleged attempt to subject him to disparate treatment was retaliation because of his allegations concerning the SAGE project. He demanded that he not be required to fill out relevant paperwork and threatened IDX with legal action if he was required to do so. IDX responded to Dr. Leon's threats by again requesting that if he claimed a medical need to work exclusively off-site, he was requesting an accommodation and such request had to be handled appropriately Dr Leon eventually completed the forms for a Request for Accommodation

27.  Thereafter, and up to the present, IDX attempted to work affirmatively with Dr. Leon and his physicians to determine the nature, extent and expected duration

COMPLAINT - 6

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

of his disability and the appropriate job accommodations which would allow him to work at the position for which he was hired. The response of Dr. Leon and his attorney to all such efforts was obstructionist and filled with accusations that the Company's efforts to comply with the applicable requirements of law were in fact nothing more than further harassment and retaliation for his alleged whistle-blowing activities. Included in those responses was a further threat to ". . file a public action which will detail many of the illegalities in which IDX has engaged and of which the SAGE joint venture partners have not been made aware  It is certainly not in IDX's interest to be the subject of a public whistle blowing action in the current political climate "

   28 Notwithstanding the offensive and threatening nature of Dr Leon's and his attorney's responses, IDX continued to seek his cooperation in assessing his disability and the nature of any potential reasonable accommodation that would not impose undue hardship  IDX has determined, based on the information available, including that from Dr. Leon, his attorney and his doctors, that Dr. Leon is unable to perform the essential functions of his present position, with or without the accommodation he has requested — i e., working exclusively off-site.

   29 Because Dr. Leon cannot or will not perform the essential functions of his job, because he has failed to perform any meaningful work since at least January 1, 2003, because he has disregarded his superior's directives, because he has moved to California without any consultation with IDX, and because he has demonstrated through his conduct and communications that he has no intent of returning to Seattle and performing his job, IDX would like to terminate his employment  IDX is reluctant to take such action, however, in light of the repeated threats of legal action against it made by Dr Leon and his attorney.

COMPLAINT - 7

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

30. Plaintiff incorporates and realleges the allegations of paragraphs 1-29 above.

31. Based on the communications from Dr. Leon and his attorney, there is a real and existing controversy between the parties as to whether termination of Dr Leon would or would not constitute retaliation for his alleged whistle-blowing activities in violation of the Federal False Claims Act, 31 U.S.C. § 3730(h) or the Sarbanes-Oxley Act of 2002, 18 U S C § 1514A.

32. IDX seeks a declaration of this Court that it can terminate Dr Leon's employment due to his failure to satisfactorily perform his job duties without violating the Federal False Claims Act or the Sarbanes-Oxley Act of 2002.

## SECOND CAUSE OF ACTION

33 Plaintiff incorporates and realleges the allegations of paragraphs 1-29 above

34 Based on the communications from Dr Leon and his attorney, there is a real and existing controversy between the parties as to whether termination of Dr Leon by IDX would or would not constitute a violation of his rights under the Americans with Disabilities Act, 42 U.S C § 12101 *et seq* or its state counterpart, RCW 49.60 *et seq.*

35. IDX seeks a declaration of this Court that it can terminate Dr Leon's employment without violating the Americans with Disabilities Act or the Washington Law Against Discrimination due to his inability to perform the essential functions of his job with or without a reasonable accommodation and his refusal to engage in the interactive process

COMPLAINT - 8

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

DATED this 25th day of April, 2003

HELLER EHRMAN WHITE & McAULIFFE LLP

By /s/ M. Edward Taylor
Timothy H. Butler, WSBA No. 19841
M. Edward Taylor, WSBA No. 16864

Attorneys for Plaintiff
IDX Systems Corporation

SE 526784 v2
4/25/03 11 21 AM (38890 0004)

COMPLAINT - 9

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
IDX SYSTEMS CORPORATION

(b) County of Residence of First Listed Plaintiff: Chittenden County, Vermont
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
M. Edward Taylor, Timothy H. Butler
HELLER EHRMAN WHITE & McAULIFFE LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone: 206-447-0900

**DEFENDANTS**
MAURICIO LEON

County of Residence of First Listed Defendant: San Diego County, California
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED LODGED RECEIVED
APR 25 2003 ZG
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

C03-972R

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ( ) 1 U.S. Government Plaintiff
- (X) 3 Federal Question (U.S. Government Not a Party)
- ( ) 2 U.S. Government Defendant
- ( ) 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ( ) 1 | ( ) 1 | Incorporated or Principal Place of Business In This State | ( ) 4 | ( ) 4 |
| Citizen of Another State | ( ) 2 | (X) 2 | Incorporated and Principal Place of Business In Another State | ( ) 5 | ( ) 5 |
| Citizen or Subject of a Foreign Country | ( ) 3 | ( ) 3 | Foreign Nation | ( ) 6 | ( ) 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ( ) 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ( ) 610 Agriculture | ( ) 422 Appeal 28 USC 158 | ( ) 400 State Reapportionment |
| ( ) 120 Marine | ( ) 310 Airplane | ( ) 362 Personal Injury—Med Malpractice | ( ) 620 Other Food & Drug | ( ) 423 Withdrawal 28 USC 157 | ( ) 410 Antitrust |
| ( ) 130 Miller Act | ( ) 315 Airplane Product Liability | ( ) 365 Personal Injury—Product Liability | ( ) 625 Drug Related Seizure of Property 21 USC | | ( ) 430 Banks and Banking |
| ( ) 140 Negotiable Instrument | ( ) 320 Assault, Libel & Slander | ( ) 368 Asbestos Personal Injury Product Liability | ( ) 630 Liquor Laws | **PROPERTY RIGHTS** | ( ) 450 Commerce/ICC Rates/etc |
| ( ) 150 Recovery of Overpayment & Enforcement of Judgment | ( ) 330 Federal Employers Liability | | ( ) 640 R.R. & Truck | ( ) 820 Copyrights | ( ) 460 Deportation |
| ( ) 151 Medicare Act | ( ) 340 Marine | **PERSONAL PROPERTY** | ( ) 650 Airline Regs | ( ) 830 Patent | ( ) 470 Racketeer Influenced and Corrupt Organizations |
| ( ) 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ( ) 345 Marine Product Liability | ( ) 370 Other Fraud | ( ) 660 Occupational Safety/Health | ( ) 840 Trademark | |
| ( ) 153 Recovery of Overpayment of Veteran's Benefits | ( ) 350 Motor Vehicle | ( ) 371 Truth in Lending | ( ) 690 Other | | ( ) 810 Selective Service |
| ( ) 160 Stockholders' Suits | ( ) 355 Motor Vehicle Product Liability | ( ) 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ( ) 850 Securities/Commodities/Exchange |
| ( ) 190 Other Contract | ( ) 360 Other Personal Injury | ( ) 385 Property Damage Product Liability | ( ) 710 Fair Labor Standards Act | ( ) 861 HIA (1395ff) | |
| ( ) 195 Contract Product Liability | | | ( ) 720 Labor/Mgmt Relations | ( ) 862 Black Lung (923) | ( ) 875 Customer Challenge 12 USC 3410 |
| | | | ( ) 730 Labor/Mgmt Reporting & Disclosure Act | ( ) 863 DIWC/DIWW (405(g)) | ( ) 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ( ) 864 SSID Title XVI | ( ) 892 Economic Stabilization Act |
| ( ) 210 Land Condemnation | ( ) 441 Voting | ( ) 510 Motions to Vacate Sentence | ( ) 740 Railway Labor Act | ( ) 865 RSI (405(g)) | ( ) 893 Environmental Matters |
| ( ) 220 Foreclosure | ( ) 442 Employment | Habeas Corpus | ( ) 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ( ) 894 Energy Allocation Act |
| ( ) 230 Rent Lease & Ejectment | ( ) 443 Housing/Accommodations | ( ) 530 General | ( ) 791 Empl. Ret. Inc. Security Act | ( ) 870 Taxes (U.S. Plaintiff or Defendant) | ( ) 895 Freedom of Information Act |
| ( ) 240 Torts to Land | ( ) 444 Welfare | ( ) 535 Death Penalty | | | |
| ( ) 245 Tort Product Liability | ( ) 440 Other Civil Rights | ( ) 540 Mandamus & Other | | ( ) 871 IRS—Third Party 26 USC 7609 | ( ) 900 Appeal of Fee Determination Under Equal Access to Justice |
| ( ) 290 All Other Real Property | | ( ) 550 Civil Rights | | | |
| | | ( ) 555 Prison Condition | | | ( ) 950 Constitutionality of State Statutes |
| | | | | | (X) 890 Other Statutory Actions |

**V. ORIGIN** (Place an "X" in One Box Only)
(X) 1 Original Proceeding
( ) 2 Removed from State Court
( ) 3 Remanded from Appellate Court
( ) 4 Reinstated or Reopened
( ) 5 Transferred from Another district (specify)
( ) 6 Multi-district Litigation
( ) 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Jurisdiction exists under 28 U.S.C. § 1332 because there is diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs. Jurisdiction exists under 28 U.S.C. § 1331, because this Court is asked to determine issues of law arising under the laws of the United States, Federal False Claims Act, 31 U.S.C. § 3730(h) or the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. or its state counterpart, RCW 49.60 et seq.

**VII. REQUESTED IN COMPLAINT**
( ) CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Declaratory Relief
CHECK YES only if demanded in complaint
JURY DEMAND: ( ) Yes ( ) No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: 4-18-03
SIGNATURE OF ATTORNEY OF RECORD: /s/ M. Edward Taylor

FOR OFFICE USE ONLY
RECEIPT# _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

JS 44 Reverse (Rev 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed The attorney filing a case should complete the form as follows

**I**   **(a) Plaintiffs-Defendants** Enter names (last, first, middle initial) of plaintiff and defendant If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

   **(b) County of Residence** For each civil case filed, except U S plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing In U S plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing (NOTE In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved )

   **(c) Attorneys** Enter the firm name, address, telephone number, and attorney of record If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II**   **Jurisdiction** The basis of jurisdiction is set forth under Rule 8(a), F R C P , which requires that jurisdictions be shown in pleadings Place an ' X" in one of the boxes If there is more than one basis of jurisdiction, precedence is given in the order shown below

United States plaintiff  (1) Jurisdiction based on 28 U S C 1345 and 1348 Suits by agencies and officers of the United States, are included here

United States defendant  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X ' in this box

Federal question  (3) This refers to suits under 28 U S C 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked

Diversity of citizenship  (4) This refers to suits under 28 U S C 1332, where parties are citizens of different states When Box 4 is checked, the citizenship of the different parties must be checked (See Section III below, federal question actions take precedence over diversity cases )

**III**   **Residence (citizenship) of Principal Parties** This section of the JS-44 is to be completed if diversity of citizenship was indicated above Mark this section for each principal party

**IV**   **Nature of Suit** Place an "X" in the appropriate box If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit If the cause fits more than one nature of suit, select the most definitive

**V.**   **Origin** Place an "X" in one of the seven boxes

Original Proceedings  (1) Cases which originate in the United States district courts

Removed from State Court  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C , Section 1441 When the petition for removal is granted, check this box

Remanded from Appellate Court  (3) Check this box for cases remanded to the district court for further action Use the date of remand as the filing date

Reinstated or Reopened  (4) Check this box for cases reinstated or reopened in the district court Use the reopening date as the filing date

Transferred from Another District  (5) For cases transferred under Title 28 U S C Section 1404(a) Do not use this for within district transfers or multi-district litigation transfers

Multi-district Litigation  (6) Check this box when a multi-district case is transferred into the district under authority of Title 28 U S C Section 1407 When this box is checked, do not check (5) above

Appeal to District Judge from Magistrate Judgment  (7) Check this box for an appeal from a magistrate judge's decision

**VI**   **Cause of Action** Report the civil statute directly related to the cause of action and give a brief description of the cause

**VII.**   **Requested in Complaint** Class Action Place an "X" in this box if you are filing a class action under Rule 23, F R Cv P

Demand In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction

Jury Demand Check the appropriate box to indicate whether or not a jury is being demanded

**VIII**   **Related Cases** This section of the JS-44 is used to reference related pending cases if any If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature** Date and sign the civil cover sheet